Filed 6/9/26  P. v. Bertuglia CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RICHARD CONRAD BERTUGLIA,<br><br>    Defendant and Appellant. | D085436<br><br>(Super. Ct. No. SCN450717) |

APPEAL from a judgment of the Superior Court of San Diego County, Brad A. Weinreb, Judge.  Affirmed.

Matthew M. Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Arlene A. Sevidal, Assistant Attorney General, Daniel B. Rogers and Joseph C. Anagnos, Deputy Attorneys General, for Plaintiff and Respondent.

This appeal is somewhat unusual.  Appellant pleaded guilty to several offenses.  He sought, but was denied, mental health diversion.  Thereafter,

appellant filed an opening brief challenging the denial of mental health diversion. The Attorney General filed a respondent's brief. In the process of reviewing the briefs, the court and counsel discovered appellant had pleaded guilty to a felony offense but did not obtain a certificate of probable cause (Pen. Code,[1] § 1237.5) and was therefore unable to challenge the court's ruling on diversion on appeal. Appellate counsel thereafter filed a new opening brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). We will review this case with the limitations of section 1237.5 in mind.

## PROCEDURAL BACKGROUND

Richard Bertuglia pleaded guilty to a violation of section 273.5, subd. (a) and admitted a strike prior (§ 667, subds. (b)-(i)). The court sentenced appellant to six years in prison. Appellant filed a timely notice of appeal but did not obtain a certificate of probable cause.

Appellate has now filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436, indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to independently review the record for error as mandated by *Wende*. We offered appellant the opportunity to file his own brief on appeal, but he has not responded.

This appeal is based on a judgment based on a guilty plea. We will not include a statement of facts in this opinion.

## DISCUSSION

When appellate counsel filed a *Wende* brief, counsel identified several possible issues that were considered in evaluating the potential merits of this

---

[1]     Further statutory references are to the Penal Code.

appeal.  The possible issues identified by counsel are submitted in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*).

Whether trial counsel was ineffective for failing to obtain a certificate of probable cause.

Whether counsel was ineffective for not pursuing a writ of mandamus to compel issuance of a certificate of probable cause or filing a petition for writ of habeas corpus.

If a certificate of probable cause could be issued, would the record show the trial court abused its discretion in denying mental health diversion.

We have independently reviewed the record for error as required by *Wende* and *Anders*.  We have not discovered any arguable issue for reversal on this record.  Competent counsel has represented appellant in this appeal.

DISPOSITION

The judgment is affirmed.

HUFFMAN, J.*

WE CONCUR:

DATO, Acting P. J.

RUBIN, J.

---

\*      Retired Associate Justice of the Court of Appeal, Fourth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.